UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ROSITA C. GO,                          :

                    Plaintiff,         :

    -against-                          :     04 Civ. 4008 (JSR)(HBP)

ROCKEFELLER UNIVERSITY,                :
et al.,
                                       :

                    Defendants.        :
----------------------------------X

ROSITA C. GO,                          :

                    Plaintiff,         :

    -against-                          :     06 Civ. 1825 (JSR)(HBP)

ROBERTA MALONEY,                       :     OPINION
et al.,                                      AND ORDER
                                       :

                    Defendants.        :
----------------------------------X


          PITMAN, United States Magistrate Judge:


I.   Introduction


          Plaintiff moves for an Order, pursuant to Rule 37(a)(2)

of the Federal Rules of Civil Procedure, compelling (a) produc-

tion of additional documents in response to her document re-

quests, and (b) revised responses to her requests for admissions

(Plaintiff's Response to Order Filed October 28, 2010, dated Nov.

19, 2010 ("Plaintiff's Response to Order")(Docket Item 129[1]) at 11-13). For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

II. Facts

   A. Background

       Plaintiff, Rosita Go, proceeding pro se, brings this action against her former employer, Rockefeller University, and several of her former co-workers, alleging discrimination on the bases of race, gender, national origin, disability, and age. Plaintiff's claims are discussed in detail in my March 2, 2009 Report and Recommendation (Docket Item 62), familiarity with which is assumed.

       On February 16, and May 10, 2010, plaintiff served discovery requests on the defendants which contained 67 requests for production of documents and 248 requests for admissions (Exhibits 9, 15, 17, 18, 19 to Declaration in Response to Court Order Filed October 28, 2010, filed Nov. 24, 2010 ("Go Decl.")(Docket Item 130)). On March 18 and 26, April 22, and July 12, 2010, defendants served objections and responses to

---

[1] All citations to the docket herein refer to docket entries for case number 04 Civ. 4008.

plaintiff's discovery requests and produced a total of 1,151
pages of documents and a privilege log of documents redacted or
withheld on the basis of privilege (see Exhibits 1 and 2 to Go
Decl.).

Following the dismissal of certain claims and defen-
dants, I issued an Order, dated October 28, 2010 (Docket Item
128), outlining the claims remaining in the cases:

> Based on my review of the record in these cases,
> it is my understanding that only the following claims
> remain:  (1) plaintiff's claims against Rockefeller
> University for (a) race and national origin-based
> discrimination in violation of Title VII, (b) age
> discrimination in violation of the ADEA, (c)  discrimi-
> nation and retaliation in violation of the NYSHRL and
> NYCHRL, (d) violation of the Rehabilitation Act and (e)
> racial discrimination in violation of Section 1981, and
> (2) plaintiff's claims against the Individual
> Rockefeller Defendants (Roberta Maloney, Kathleen
> Cassidy, Michelle Keenan, and Gloria Chang DiGennaro)
> (a) for racial discrimination in violation of the
> NYSHRL and the NYCHRL, and (b) for racial discrimina-
> tion in violation of Section 1981.
>
> No later than November 19, 2010, all parties are
> to advise whether they disagree with my understanding
> of what is left in these cases.  The parties are also
> to advise me at that time whether there is any reason
> why the pretrial order should not be filed by December
> 31, 2010.

I also directed plaintiff to raise all existing discov-
ery issues with me no later than December 20, 2010.  Plaintiff
and counsel for the remaining defendants responded to my October
28, 2010 Order and concurred with my understanding of the claims

remaining in the case (see Order, dated Dec. 2, 2010 (Docket Item 131)).

    B.   <u>The Present Dispute</u>

       As part of her submission responding to my October 28, 2010 Order, plaintiff requested my "assistance in requiring defendants['] . . . [p]roduction of [d]ocuments . . . pursuant to Fed.R.Civ.P. 37(a)(2)" and in obtaining revised responses to her requests for admissions (Plaintiff's Response to Order at 11 (the "November 19, 2010 Motion to Compel")).

       With respect to her document requests, plaintiff argues that (a) defendants did not produce all responsive documents; (b) defendants' "dumping 1,151 documents without identifying which, if any, of the documents produced are responsive to plaintiff's specific requests" was improper pursuant to Federal Rule of Civil Procedure 34; (c) defendants produced many "after-the-fact 'handwritten' documents [that are] clearly fabricat[ed]"; (d) defendants improperly restricted their responses to a more narrow time frame than plaintiff sought; (e) defendants erroneously relied upon claims of privilege and confidentiality "as a shield from their disclosure"; (f) defendants improperly withheld documents which were electronically stored; and (g) defendant's improperly "interposed the familiar litany that the request [is]

4

'irrelevant, burdensome, oppressive, overly broad' and a plethora
of frivolous, unreasonable and groundless objections without
clarifying and explaining their objections and provid[ing]
support thereof" (Plaintiff's Response to Order at 11-12; Plain-
tiff's Memorandum of Law attached to Go Decl., dated Nov. 19,
2011 ("Plaintiff's Nov. 19 Memo. of Law") at ¶¶ 2-5, 8, 10-12,
15, 18, 20, 23-29, 34-36, 40-45).

With respect to her requests for admissions, plaintiff
contends that it was improper for defendants' attorney to sign
the responses to the requests (Plaintiff's Response to Order at
11-12).

Defendants argue that they have fully responded to
forty-eight of plaintiff's documents requests,[2] and represent
that, as to another four of plaintiff's requests,[3] "[they] have
diligently searched for responsive documents but have been unable
to locate any" (Defendants' Memorandum of Law in Opposition to
Plaintiff's Motion to Compel Dated November 19, 2010, filed Dec.
20, 2010 ("Defendants' Memo. Of Law")(Docket Item 132) at 3-4).

---

[2] These are Requests 1, 2, 5, 6, 8, 9, 10, 11, 12, 13, 18,
19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 38, 42,
46, 47, 48, 49, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62,
63, 64, 65, 66, and 67.

[3] These are Requests 3, 4, 33, and 39.

As to the remaining fifteen document requests,[4] defendants make individual arguments as to why each is improper, arguing generally that the requests "call for the production of information that is irrelevant, overly broad . . . unduly burdensome . . . ha[ve] no probative value to this litigation[, are] personal and confidential [and the requests amount to a] fishing expedition that is meant to do nothing more than harass Defendants" (Defendants' Memo. of Law at 5-16).  Additionally, defendants agreed to provide plaintiff with a reference sheet identifying the specific requests to which each document is responsive (Defendants' Memo of Law at 3-4).  With respect to plaintiff's requests for admission, defendants assert that they have complied with the Federal Rules of Civil Procedure in replying to plaintiff's requests (Defendants' Memo. of Law at 2).

By notice of motion dated April 30, 2011, plaintiff again moved, pursuant to Federal Rule of Civil Procedure 37(a)(2), to compel further production of documents responsive to her sixty-seven document requests and to compel revised responses to her requests for admission (Docket Item 133)(the "April 30, 2011 Motion to Compel").  Plaintiff claims that defendants only provided her with a reference sheet identifying which documents

---

[4] These are Requests 7, 14, 15, 16, 17, 34, 35, 36, 37, 40, 41, 43, 44, 45, and 50.

are responsive to each request eight months after defendants produced those documents (Plaintiff's Affirmation, dated Apr. 30, 2011 (Docket Item 134) at 2; Plaintiffs' Memorandum of Law in Support of Motion to Compel Production of Document and Request to Admit, dated Apr. 30, 2011 ("Plaintiff's Apr. 30 Memo. of Law")(Docket Item 136) at 5).  Additionally, plaintiff reiterates many of the arguments she articulated in her November 19, 2010 Motion to Compel, and replies to some of the arguments defendants asserted in opposition to Plaintiff's November 19 Motion to Compel (see Plaintiff's Apr. 30 Memo. of Law).

        Defendants note that plaintiff's April 30, 2011 Motion to Compel appears to be nothing more than a renewal of plaintiff's November 19, 2010 Motion to Compel as the two submissions address the same discovery issues and, "to the extent that Plaintiff's new motion to compel attempts to expand upon arguments laid out in her November [19,] 2010 motion, those arguments should not be considered as they are untimely" (Letter by Elise M. Bloom, Esq., counsel to the defendants, dated May 12, 2011 at 1-2).

III.  <u>Analysis</u>

    A.   Plaintiff's
         April 30, 2011
         <u>Motion to Compel</u>

Plaintiff's April 30, 2011 Motion to Compel appears to discuss and, to a large degree, supplement the arguments asserted in her November 19, 2010 Motion to Compel.  As such, it appears that plaintiff's April 30, 2011 submission is more in the nature of a reply to defendants' opposition to her earlier motion, rather than a new and independent motion, and I construe it as such.  Although her April 30, 2011 Motion to Compel was filed more than four months after defendants filed their opposition to her November 19, 2010 motion, defendants do not take issue with plaintiff's late filing (Letter by Elise M. Bloom, Esq., counsel to the defendants, dated May 12, 2011 at 1-2).  Considering defendants' lack of opposition to plaintiff's late filing, and plaintiff's <u>pro se</u> status, I shall consider plaintiff's April 30, 2011 submission to the extent it responds to arguments asserted in opposition to plaintiff's November 19, 2010 Motion to Compel.  However, to the extent that plaintiff's April 30, 2011 submission raises new arguments or attempts to supplement arguments that were inadequately asserted in plaintiff's November 19, 2010 Motion to Compel, such material is improper, <u>see</u> <u>Johnson &</u>

8

Johnson v. Guidant Corp., 525 F. Supp. 2d 336, 359 (S.D.N.Y. 2007) (Lynch, then D.J., now Cir. J.) ("[a]rguments first raised in reply memoranda are not properly considered [and] the same is true of arguments first raised by letter several months after reply memoranda and all other motion papers have been filed" (internal quotation marks and citations omitted)), and untimely under the deadline for all then existing discovery disputes set in my October 28, 2010 Order.  I, therefore, do not consider such material.[5]

    B.   Global
        Discovery Disputes

Before addressing the disputes concerning specific document requests, I shall address three broad arguments plaintiff raises concerning defendants' production.  These are plaintiff's claims that defendants have fabricated documents, imposed improper temporal limits on document discovery, and provided an insufficient privilege log.[6]

---

[5] Such new arguments include, inter alia, plaintiff's objection to defendants' production of duplicate copies, and defendants' production of documents previously produced by plaintiff (see Plaintiff's Apr. 30 Memo. of Law at 21-24).

[6] Plaintiff also takes issue with defendants use of a litany of generic objections in their responses to plaintiff's document requests (Plaintiff's Nov. 19 Memo. of Law ¶¶ 20-22).  While the better course would be to not interpose generic, meaningless
(continued...)

1.    Plaintiff's Fabricated-
      Document Argument

Plaintiff argues that:

Included in the 1,150 [pages of documents] were many
after-the-fact "handwritten" documents[,] clearly
fabrications given the duration it took to produce the
"handwritten["] documents that were supposedly in the
possession and control of defendants since at least
April 29, 2005

(Plaintiff's Response to Order at 12).  Plaintiff's November 19,

2010 submission does not identify the documents she believes to

be fabricated nor does she explain how the alleged fabrication is

evident.  Moreover, plaintiff's arguments in her April 30, 2011

submission illustrate plaintiff's disagreement with the content

of the allegedly fabricated documents, not their putative lack of

authenticity.  For example, plaintiff states, concerning document

D000925, "This [document] is another of Cassidy's unfounded

criticisms . . . ."  Similarly, with regard to document DD000137,

plaintiff claims "The above statements are completely false"

---

[6](...continued)
objections in response to nearly every document request, I find
that plaintiff has not suffered any prejudice caused by
defendants' assertion of such objections.  Where the defendants
merely state generic objections, defendants have also represented
that they have completely complied with the requests and produced
all responsive, nonprivliged documents.  In the instances in
which defendants have not produced documents, defendants have
interposed more detailed objections.

(Plaintiff's Apr. 30 Memo. of Law at 13, 15).  Thus, plaintiff
has not offered any evidence that defendants produced fabricated
documents.[7]

> 2.   Plaintiff's Argument
>      Concerning the Appropriate
>      <u>Temporal Limits of Document Discovery</u>

In the vast majority of her document requests, plain-
tiff does not specify the time period for which she seeks respon-
sive documents.  Defendants, in their General Objection number 6,

> object to the Requests to the extent that they are . .
> . without proper limit as to their subject matter or
> temporal scope and are beyond the relevant time[]frame
> in this action which is May 6, 2000, the earliest
> relevant date for Plaintiff's remaining claims, through
> July 18, 2003, the date of the end of Plaintiff's
> internal grievance process [and] the responses to these
> Requests are limited accordingly

(Exhibit 1 to Go Decl. at 3-4).  Accordingly, defendants limited
their production in response to each document request to "the

_____

[7] Although plaintiff does further develop this claim in her
April 30, 2011 submission (Plaintiff's Apr. 30 Memo. of Law at 6-
21), in light of the limited nature of plaintiff's argument in
this regard in her initial submission, I decline to consider the
additional material plaintiff provided in her April 30, 2011
submission because defendants have not had a fair opportunity to
respond to this argument.  Even if I were to consider plaintiff's
additional arguments in her April 30, 2011 submission, plaintiff
fails to make any factual showing that defendants did, in fact,
fabricate documents.

time[]frame . . . set forth in the general objections" (Exhibit 1 to Go Decl. at 7-63).

Plaintiff argues that evidence of defendants' conduct outside of the time period set by defendants may still be "relevant, probative and admissible" (Plaintiff's Nov. 19 Memo. of Law at ¶ 11(iii)).  While implicitly acknowledging that some of what she is seeking may be from beyond the applicable limitations period, plaintiff further argues that "evidence of such conduct may be admissible to shed light on the motives with which acts within the limitations period were performed" (Plaintiff's Nov. 19 Memo. of Law at ¶ 11(iii), quoting Arista Records LLC v. Lime Group LLC, 715 F. Supp. 2d 481, 502 (S.D.N.Y. 2010) (Wood, D.J.)).

Although plaintiff does not specify the time period for which she is seeking documents, and does not further elaborate on how broader temporal limits will "shed light" on defendants' motives, I find the time period set by defendants to be too narrow.  "In Title VII cases, courts have imposed restrictions on discovery as to time period.  However, the scope of discovery is commonly extended to a reasonable number of years prior to the defendants' alleged illegal action . . . ."  Miles v. Boeing Co., 154 F.R.D. 117, 119-20 (E.D. Pa. 1994) (document requests for period of more than two years from date of alleged discrimination

not overly broad); Obiajulu v. City of Rochester Dep't of Law,
166 F.R.D. 293, 296 (W.D.N.Y. 1996) (three year time period
suggested by defendants found reasonable); see also Chang v.
Cavalry Portfolio Servs. LLC, CV-11-1153 (JS)(GRB), 2011 WL
6101952 at *1 (E.D.N.Y. Dec. 1, 2011); Trzeciak v. Apple Comput-
ers, Inc., 94 Civ. 1251 (LAK), 1995 WL 20329 at *1 (S.D.N.Y. Jan.
19, 1995) (Dolinger, M.J.).

     As I previously noted in my March 2, 2009 Report and
Recommendation (Docket Item 62), plaintiff claims that many of
her problems began with management's promotion of an unqualified
African-American coworker, Cynthia Payne, and its shifting of
many of Payne's responsibilities to plaintiff (Second Consoli-
dated Amended Complaint, filed June 26, 2008 ("June 2008 Com-
plaint")(Docket Item 41), at ¶ 46).  Although it is not exactly
clear when Ms. Payne's promotion occurred, plaintiff has alleged
that "Maloney shifted parts of accounting manager, Ms. Cynthia
Payne's job to Plaintiff in November 1998 and reinforced commit-
ment to advance Plaintiff's career during annual review meetings
in June 1999 and June 2000 by dangling statements, 'you're ready
for seniority'" (June 2008 Complaint ¶ 45).

     Given plaintiff's allegations, I conclude that the time
period defendant imposed should be expanded to commence on
November 1, 1998.  At a minimum, I find that documents from as

early as November 1998 may provide relevant and admissible

background evidence which plaintiff may utilize to present her

case effectively to a fact finder.  Accordingly, to the extent

they have not already done so, defendants are directed to produce

responsive, nonprivleged documents for the time period from

November 1, 1998 to July 18, 2003, unless the request specifies a

narrower time period.[8]  This production is to be completed no

later than twenty-one (21) days from the date of this Order.

> 3.   Sufficiency of
>      Defendants'
>      Privilege Log

> Defendants, in their General Objection number 5,

>> object to the Requests to the extent that they seek
>> information and/or documents that are protected from
>> disclosure by the attorney-client privilege, the attor-
>> ney work product doctrine, the self-critical analysis
>> privilege, or any other applicable privilege or immu-
>> nity from disclosure

(Exhibit 1 to Go Decl. at 3).  Additionally, in response to nine

requests -- Requests 1, 2, 3, 8, 11, 29, 31, 37, and 38 --

defendants "further object to [these requests] to the extent

[they] seek[] information protected by privilege or immunity,

including but not limited to the attorney-client privilege and

---

[8] This ruling applies to the forty-eight requests defendants
represent they have complied with.

work product doctrine."   Defendants also provided a privilege
log listing forty-two documents withheld or redacted.   The
privilege log includes the headings "Date," "Author," "Recipi-
ent," "Copied," "Type of Document," "General Subject Matter,"
"Type of Privilege," "Redacted or Not Produced," and "Bates
Range," and reflects assertions of the attorney-client privilege
and the work product doctrine (Exhibit 2 to Go Decl.).

> Plaintiff argues that:
>
> Descriptions under "General Subject Matter", such as,
> "Response to Go's allegations", "Status of Go griev-
> ance", "Responses to Go complaint", "Status of Go EEOC
> charge", "Investigation of Go allegations", "Investiga-
> tion of allegations in Go complaint", "Request for
> comments regarding answer to Go complaint", "R Go
> allegations" "Breakdown of Accounting Services employ-
> ees ... ", "Go employment chronology", "Draft Position
> Statement" "Summary of Go Job description" are
> bare-boned and clearly not "mental impressions, opin-
> ions, and legal theories prepared by an attorney in
> anticipation of litigation." Defendants "Privilege Log"
> entries are un-itemized/un-numbered, some are undated,
> and most fail to identify the party cc'd. The log is
> wholly inadequate, improper and insufficient.

(Plaintiff's Nov. 19 Memo. of Law at ¶ 10).   Plaintiff contends
that defendants should be required to re-submit "a more detailed
privilege log . . . including the identities, titles, and roles
of the authors, recipients, and individuals cc'ed on these
communications, and the purpose of the communications" (Plain-
tiff's Nov. 19 Memo. of Law at ¶ 10).

                    a.    Legal Principles Applicable
                          to the Attorney-Client Privilege
                          <u>and the Work-Product Doctrine</u>


        The elements of the attorney-client privilege are well

settled:

            "The [attorney-client] privilege applies only if (1)
            the asserted holder of the privilege is or sought to
            become a client; (2) the person to whom communication
            was made (a) is a member of the bar of a court, or his
            subordinate and (b) in connection with this communica-
            tion is acting as a lawyer; (3) the communication
            relates to a fact of which the attorney was informed
            (a) by his client (b) without the presence of strangers
            (c) for the purpose of securing primarily either (i) an
            opinion on law or (ii) legal services or (iii) assis-
            tance in some legal proceeding, and not (d) for the
            purpose of committing a crime or tort; and (4) the
            privilege has been (a) claimed and (b) not waived by
            the client."

<u>Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.</u>, 160

F.R.D. 437, 441 (S.D.N.Y. 1995) (Francis, M.J.), <u>quoting</u> <u>United</u>

<u>States v. United Shoe Mach. Corp.</u>, 89 F. Supp. 357, 358-59 (D.

Mass. 1950); <u>see</u> <u>United States v. Davis</u>, 131 F.R.D. 391, 398

(S.D.N.Y. 1990) (Conboy, D.J.).  The privilege "exists to protect

not only the giving of professional advice to those who can act

on it, but also the giving of information to the lawyer to enable

him to give sound and informed advice."  <u>Upjohn Co. v. United</u>

<u>States</u>, 449 U.S. 383, 390 (1981).  Therefore, "[i]t is now [also]

well established that the privilege attaches not only to communi-

cations by the client to the attorney, but also to advice ren-

                              16

dered by the attorney to the client, at least to the extent that such advice may reflect confidential information conveyed by the client." Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., supra, 160 F.R.D. at 441-42; see also O'Brien v. Board of Educ., 86 F.R.D. 548, 549 (S.D.N.Y. 1980) (Leval, then D.J., now Cir. J.); SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 520-22 (D. Conn. 1976).

"'[T]he burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship.'" von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 144 (2d Cir. 1987), quoting In re Grand Jury Subpoena Dated Jan. 4, 1984, 750 F.2d 223, 224 (2d Cir. 1984). Thus, the party seeking to invoke the privilege must establish all elements of the privilege. Bowne of NYC, Inc. v. AmBase Corp., 150 F.R.D. 465, 470 (S.D.N.Y. 1993) (Dolinger, M.J.) (collecting cases).

A party asserting work-product protection must prove three elements: "[t]he material must (1) be a document or a tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for his representative." In Re Grand Jury Subpoenas dated Dec. 18, 1981 & Jan. 4, 1982, 561 F. Supp. 1247, 1257 (E.D.N.Y. 1982); see

17

Adamowicz v. I.R.S., 552 F. Supp. 2d 355, 365 (S.D.N.Y. 2008)
(Preska, D.J.).

     If the proponent succeeds in establishing these ele-
ments, the burden then shifts to the parties seeking discovery of
work-product material to show substantial need for the material
and an inability to obtain its substantial equivalent from
another source without undue hardship.  Weinhold v. Witte Heavy
Lift, Inc., 90 Civ. 2096 (PKL), 1994 WL 132392 at *3 (S.D.N.Y.
Apr. 11, 1994) (Leisure, D.J.); accord Kent Corp. v. N.L.R.B.,
530 F.2d 612, 623-24 (5th Cir. 1976).  However, "while factual
materials falling within the scope of the doctrine may generally
be discovered upon this showing of 'substantial need,' attorney
mental impressions are more rigorously protected from discov-
ery[.]"  In re Leslie Fay Cos. Sec. Litig., 161 F.R.D 274, 279
(S.D.N.Y. 1995) (Conner, D.J.).

     The withholding party's initial obligation is to
prepare an index of withheld documents providing the specific
information required by Fed.R.Civ.P. 26(b)(5) and Local Civil
Rule 26.2.  If the assertions of privilege or work-product
protection are not challenged, the withholding party has no
further obligation with respect to its assertions of privilege.
If the assertions of privilege or work-product protection are
challenged and the dispute cannot be resolved informally, the

withholding party then has to submit evidence, by way of affida-

vit, deposition testimony or otherwise, establishing only the

challenged elements of the applicable privilege or protection,

with the ultimate burden of proof resting with the party assert-

ing the privilege or protection.  ECDC Envtl. L.C. v. N.Y. Marine

& Gen. Ins. Co., 96 Civ. 6033 (BSJ)(HBP), 1998 WL 614478 at *3-*4

(S.D.N.Y. June 4, 1998) (Pitman, M.J.); see von Bulow by

Auersperg v. von Bulow, supra, 811 F.2d at 144, citing In re

Grand Jury Subpoena Dated Jan. 4, 1984, supra, 750 F.2d at 224;

Bowne of New York City, Inc. v. AmBase Corp., supra, 150 F.R.D.

at 470 (collecting cases).

        The foregoing procedure properly allocates the burden

of proof and saves the Court and the parties from having to

address any elements of a privilege or protection that are not in

dispute.  In addition, the foregoing accurately reflects the

manner in which disputes concerning documents withheld on the

ground of privilege are commonly resolved in this District.

            b.   Application of
                 Legal Principles

        Plaintiff claims there are two deficiencies in

defendants' privilege logs: (a) defendants' descriptions under

the "General Subject Matter" heading are "bare-boned" and

insufficiently describe the contents of the documents, and (b) the defendants fail to include the "identities, titles, and roles of the authors, recipients, and individuals cc'ed on these communications" (Plaintiff's Nov. 19 Memo. of Law at ¶ 10).

To the extent plaintiff attacks defendants' "General Subject Matter" descriptions, I find defendants' descriptions to be adequate.  Federal Rule of Civil Procedure 26(b)(5) requires a party withholding otherwise discoverable information on the grounds of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed -- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Additionally, Local Civil Rule 26.2 requires that a party asserting privilege in response to a document request provide:

> (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other. . . .

Here, the information provided in the "General Subject Matter" and "Type of Document" headings, serve to adequately describe the nature of the documents in a manner consistent with the provisions of the Federal Rules and the Local Civil Rules.

For example, the second entry on the privilege log identifies the document as a "chart prepared at request of counsel," and the log describes the document as a "breakdown of accounting services employees by ethnicity, name, birth date, and job title in response to request for information" (Exhibit 2 to Go Decl.). This description provides the reader with enough information to assess the claim of privilege, without disclosing any privileged information contained in the document.  The plaintiff here does not point to any specific entries which she claims are insufficient and I find, overall, that defendants' descriptions of the documents are sufficient.

However, the privilege log is insufficient the extent it fails to identify the "identities, titles, and roles of the authors, recipients, and those CC'ed on these communications." Bell v. Pfizer, Inc., 03 Civ. 9945 (KMW)(HBP), 2006 WL 2529762 at *5 (S.D.N.Y. Aug. 31, 2006) (Wood, D.J.); Trudeau v. N.Y.S. Consumer Prot. Bd., 237 F.R.D. 325, 334 (N.D.N.Y. 2006).  Without this information, the assertions of privilege are difficult to assess in many instances.  Accordingly, defendants are directed to provide this information, no later than twenty-one (21) days from the date of this Order.  Defendants can provide this information by either supplementing their existing index or by serving a separate list of authors and recipients (addressees and cc's)

21

that sets forth their titles and roles.  If plaintiff takes issue
with particular entries in the privilege log after receiving this
information, plaintiff may make an application to this Court,
identifying the entries with which she takes issue and setting
forth her arguments in favor of production, no later than twenty-
one (21) days from the date defendants serve this supplemental
information.

      C.    Specific
          <u>Discovery Disputes</u>

          1.    Requests Seeking
               Documents Stored
               <u>On Backup Tapes</u>

Document Request 13 seeks "[a]ny and all documents,
including but not limited to emails concerning [p]laintiff by
individual defendants on active or stored backup tapes, including
Cassidy's emails from stored backup tape on April 3-5, 2002"
(Exhibit 1 to Go Decl. at 17).  Document Requests, 46, 47, 48,
and 49 seek "[a]ny and all work-related emails to and from [each
of the non-entity defendants] concerning plaintiff on active or
stored backup tapes from March 2002 - May 2003" (Exhibit 1 to Go
Decl. at 43-47).

As to each of these requests, defendants have produced
some documents but, at the same time, have objected to the

22

requests to the extent they seek information on backup tapes.
Specifically, defendants objected to the requests "to the extent
[the requests] seek[] 'backup tapes' and/or electronically stored
information that is not reasonably accessible because of the
undue burden and cost associated with retrieving and providing
this information" (Exhibit 1 to Go Decl. at 17-18, 43-47).

Under Federal Rule of Civil Procedure 26, a party must
"conduct a diligent search" for requested electronic documents.
Treppel v. Biovail Corp., 233 F.R.D. 363, 374 (S.D.N.Y. 2006)
(Francis, M.J.).

> A party need not provide discovery of electroni-
> cally stored information from sources that the party
> identifies as not reasonably accessible because of
> undue burden or cost.  On motion to compel discovery or
> for a protective order, the party from whom discovery
> is sought must show that the information is not reason-
> ably accessible because of undue burden or cost.

Fed.R.Civ.P. 26(b)(2)(B).  "If that showing is made, the burden
shifts to the requesting party to show good cause for the produc-
tion of the not-reasonably-accessible [electronically stored
information]."  Capitol Records, Inc. v. MP3tunes, LLC,   261
F.R.D. 44, 51 (S.D.N.Y. 2009) (Mass, M.J.).  Information stored
on backup tapes is generally considered "not reasonably accessi-
ble."  See Quinby v. WestLB AG, 245 F.R.D. 94, 99 (S.D.N.Y. 2006)
(Pitman, M.J.).

I appreciate that a definitive answer to the question of whether responsive emails reside on defendants' backup tapes cannot be ascertained without actually restoring and searching the tapes and that ordering those steps at this time would be contrary to the Federal Rules of Civil Procedure. Defendants should however be able to answer easily and inexpensively whether the emails of potentially relevant custodians[9] from the relevant time period reside on backup tapes at all. If all the emails from the pertinent time period are still on active servers or other accessible media, there is no issue concerning backup tapes. If, however, the emails of potentially relevant custodians from the pertinent time period have been saved on backup tapes, plaintiff has the right to attempt to show good cause for their restoration.

Accordingly, within twenty-one (21) days of the date of this Order, defendants are to identify the custodians they

---

[9] Identifying potentially relevant custodians is not a difficult task. I take judicial notice of the fact that Rockefeller University is a major biomedical research institution known for advanced research. Its student body consists of Ph.D. candidates and post-doctoral scholars. Because plaintiff was a former employee of the controller's office, it is unreasonable to believe that any custodian outside of either the controller's office or the human resources department would have emails concerning plaintiff. For example, there is no reason to believe that faculty or students would have emails pertinent to plaintiff's claims.

believe may potentially have relevant e-mails, and disclose
whether any e-mails from these custodians, from the period from
November 1, 1998 to July 18, 2003, currently reside on backup
tapes or other inaccessible  media.  If plaintiff wishes to
attempt to show that there is good case to restore and search the
backup tapes or other inaccessible media, she may do so within
forty-two (42) days of the date of this Order.  Plaintiff's
motion to compel documents requested in Requests 13, 46, 47, 48,
and 49 is otherwise denied.

      2.   Requests Seeking
          Telephone Records

Document Request 14 seeks Rockefeller University's
telephone records for the non-entity defendants from January 2001
to January 2004.  Document Request 15 seeks Rockefeller Univer-
sity's telephone records for all "finance office staff . . .
under custody of Yolanda Alvarez, Accounts Receivable" from
January 2001 to December 2004.  Document Request 16 seeks defen-
dant Cassidy's home and cellular telephone bills from June 2002.
Document Request 17 seeks Rockefeller University's telephone
records for Bindu Patel, from March 1995 to April 1995.

Defendants object to these requests, arguing that they
are overbroad and irrelevant (see Defendants' Memo. of Law at 7-

25

9).  Plaintiff contends that these documents would reveal "whe-
ther supervisors [or coworkers] have contacted [p]laintiff and/or
reported plaintiff to Personnel," whether "Cassidy contacted
Yolanda Alvarez and Bind Patel to spy on [p]laintiff's first day
of return from weeks of leave," and whether "Bind Patel mad[e]
several calls to [p]laintiff's workplace and recruited [p]lain-
tiff with an offer of asst. vice president within (10) years at
Maloney's order" (Plaintiff's Apr. 30 Memo. of Law at 29-31).

          I conclude that the documents plaintiff is seeking in
these requests are not relevant to her action.

          Generally, a party seeking to assert a claim of lack of
          relevance

               must satisfy the court that the requested docu-
               ments either do not come within the broad scope of
               relevance defined pursuant to Fed.R.Civ.P.
               26(b)(1) or else are of such marginal relevance
               that the potential harm occasioned by disclosure
               would outweigh the ordinary presumption in favor
               of broad disclosure.

Convermat Corp. v. St. Paul Fire and Marine Ins. Co., CV-06-1045

(JFB)(AKT), 2007 WL 2743696 at *3 (E.D.N.Y. Sept. 18, 2007),

quoting Burke v. N.Y.C. Police Dep't, 115 F.R.D. 220, 224

(S.D.N.Y. 1987) (Dolinger, M.J.).

          Although some of the underlying occurrences plaintiff
describes in her memorandum of law may be relevant to her case,
the telephone records from the requested time periods would not

establish the existence of those occurrences.  What plaintiff

really seeks to prove is the content of the telephone calls;

telephone records, if they exist, will not prove the content of

the calls reflected therein.  Accordingly, plaintiff's motion to

compel the documents requested in Document Requests 14, 15, 16,

and 17 is denied.

### 3.   Other Document Requests

> REQUEST NO.7: Any and all attendance records, including
> but not limited to vacation, personal, sick, disability
> leave forms submitted by individual defendants and
> Controller's Office staff from April 1995 to May 2003.

Defendants object to this request on the grounds that

it is overbroad and calls for the production of irrelevant and

confidential information (Defendants' Memo. of Law at 6).

Plaintiff argues that these documents could be used to prove

disparate treatment between herself and others in the Control-

ler's Office with respect to vacation and time off for seeing

doctors (Plaintiff's Apr. 30 Memo. of Law at 27-29).

Plaintiff has alleged in her June 2008 Complaint, that

half-day charges were imposed against her leave accounts if she

took time off for medical appointments, but that other employees

were not similarly charged (June 2008 Complaint ¶ 46).  Plaintiff

has not otherwise alleged disparate treatment as to vacation or

sick leave.  I conclude that plaintiff is entitled to documents
which reflect time off for medical appointments, by employees in
the controller's office, which was not charged to that person's
leave accounts, for the period from November 1, 1998 through July
18, 2003 because such documents might show the disparate treat-
ment plaintiff alleges.  Production of these documents is to be
completed no later than twenty-one (21) days from the date of
this Order.

> REQUEST NO. 12: Any and all DOCUMENTS pertaining to
> promotion or hiring within Controller's Office to the
> level of senior accountant and above from January
> 1985-present, the following facts about each employee
> promoted:
>
> A.   name;
> B.   race, national origin, and sex;
> C.   date of birth;
> D.   years of formal education completed;
> E.   years of employment experience and job title;
> F.   employee's Performance Evaluations;
> G.   criteria of or basis of promotion;
> H.   initial hire date, position and job
>      description; and
> I.   date of promotion, level or position promoted
>      to and job description of promoted position.

Plaintiff has alleged, in her June 2008 Complaint, that
she "was denied promotion to senior accountancy but Maloney
bestowed it to Mr. Vega.  According to Mr. Vega's current super-
visor, [the director of audit] was not impressed with John
[Vega]" ((June 2008 Complaint ¶ 73).  Plaintiff makes no other

28

relevant allegation pertaining to "hiring or promotion within the Controller's Office to the level of senior accountant and above." Accordingly, I find that plaintiff is entitled to all responsive documents as to John Vega only.  Production of these documents is to be completed no later than twenty-one (21) days from the date of this Order.  Plaintiff's motion to compel documents responsive to this request is otherwise denied.

> REQUEST NO. 27: Any and all Personnel files from the following below:
>
> A.   Plaintiff
> B.   Plaintiff's replacement
> C.   past and present similarly-situated employees compared to Plaintiff from 1995-present
> D.   individuals hired for positions desired and applied by Plaintiff including but not limited to:
>
> > a.   job posting (including qualification criteria);
> > b.   race, national origin, and sex;
> > c.   date of birth;
> > d.   years of formal education completed;
> > e.   year of employment experience and job title;
> > f.   employee's Performance Evaluation;
> > g.   job description and description of actual job performed;
> > h.   rate of pay & increase;
> > i.   date of hire and termination or resignation (if applicable);
> > j.   immediate supervisor's name, job title and duties;
> > k.   annual performance evaluation;
> > l.   complaints, warnings, disciplinary actions and / or reason for termination (if applicable);

m.   job application letter; and
n.   promotion (if applicable).

Defendants produced plaintiff's personnel file in response to this request and objected to the remainder on the grounds that the request is overbroad and vague.

I find that plaintiff is entitled to the personnel file of her replacement as well.  The characteristics of a terminated plaintiff's replacement are relevant at the first step of the McDonnell Douglas analysis.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000) (plaintiff satisfies burden at initial stage of the McDonnell Douglas framework when "(i) at the time he was fired, he was a member of the class protected . . . (ii) he was otherwise qualified for the position . . . (iii) he was discharged by respondent, and (iv) respondent [hired] persons [outside of the relevant protected class] to fill petitioner's position"); see also Burke v. N.Y.C. Police Dep't, supra, 115 F.R.D. at 225-26 ("[F]ederal courts have repeatedly recognized the necessity for disclosure of such files in a variety of circumstances.") , citing Weahkee v. Norton, 621 F.2d 1080, 1082 (10th Cir. 1980) (reversing district court denial of access to EEOC personnel records in Title VII suit), and Fears v. Burris Mfg. Co., 436 F.2d 1357, 1360-61 (5th Cir. 1971) (requiring production of records of state employment office in Title VII

action).  Accordingly, defendants are directed to produce docu-
ments responsive to Request 27(B), no later than twenty-one (21)
days from the date of this Order.

With respect to Requests 27(C) and (D), plaintiff's
motion to compel is denied.  The information sought is irrelevant
and the requests do not describe the documents sought with
sufficient particularity.

> REQUEST NO. 34: Any and all DOCUMENTS or lists of
> Equipment Inventory typed by Eileen Harkins the week of
> Plaintiff's termination; Excel spreadsheet of Equipment
> Inventory prepared for April-May 2002 and Financial
> Reporting System (FRS) showing Equipment Inventory
> account from April-May 2002.

Plaintiff's motion to compel documents responsive to
this request is denied.  The documents requested by plaintiff are
irrelevant as they have no bearing on plaintiff's discrimination
claims.

> REQUEST NO. 35: Any and all DOCUMENTS or lists of
> Payroll Advance Reconciliation and Aging Report from
> April 2003-present, identifying preparer and date of
> submission.

Defendants object to this request on the grounds that
it calls for irrelevant documents and that the documents would be
burdensome to produce given the large time period for which
plaintiff seeks documents (Defendants' Memo. of Law at 10-11).
Plaintiff argues that these documents "are pertinent to prove

that . . . Unnat Desai was incapable of the job and never re-
ceived any adverse consequences whereas [p]laintiff updated it
and was adversely affected" (Plaintiff's Apr. 30 Memo. of Law at
31).

Plaintiff has alleged, in her June 2008 Complaint, that
Desai, a younger male, was promoted to a position which entailed
completing the "payroll advance reconciliation / aging report"
(June 2008 Complaint ¶¶ 37, 77).  However, Desai was unable to
complete this duty, even after receiving assistance from Mr.
Vega, and plaintiff was assigned to assist and complete the job
(June 2008 Complaint ¶¶ 37, 38, 77).

I find that production of the requested documents,
albeit for a shorter period of time than had been requested by
plaintiff, to be appropriate.  Based on plaintiff's allegations,
the documents requested may contain relevant evidence of dispa-
rate treatment.  Plaintiff has requested responsive documents for
a period beginning forty-five days prior to her termination.  I
conclude that plaintiff is entitled to responsive documents from
the forty-five day period prior to her termination, as well as
the same interval following her termination.  Accordingly,
defendants are directed to produce the requested report or
reports, for the time period of April 1, 2003 through June 30,
2003, no later than twenty-one (21) days from the date of this

Order.  Plaintiff's motion to compel documents responsive to this

request is otherwise denied.

>REQUEST NO. 36: Any and all DOCUMENTS as proof of
>individual DEFENDANTS home address / residence from
>April 1995-present.

Plaintiff's motion to compel production of documents

responsive to this request is denied because the information

sought is irrelevant.

>REQUEST NO. 37: Any and all DOCUMENTS of DEFENDANT
>witnesses and expert witnesses.

Plaintiff's motion to compel production of documents

responsive to this request is denied because the request is

clearly overbroad.

>REQUEST NO. 40: Any and all DOCUMENTS including but not
>limited to desk &/or calendar, appointment books,
>software programs of appointments by individual DEFEN-
>DANTS from January 2002 to December 2004.

Plaintiff's motion to compel production of documents

responsive to this request is denied because the request is

overbroad and seeks irrelevant information.  Defendants' day-to-

day activities over the three-year period identified in this

request does not bear on plaintiff's claims of discrimination.

>REQUEST NO. 41: Any and all DOCUMENTS or logbook en-
>tries of Controller's Department for accounting en-

tries, including but not limited to cash, journal,
budget, payroll from fiscal year 2001-present.

Plaintiff's motion to compel production of documents
responsive to this request is denied because the request is
overbroad and seeks irrelevant information.  The accounting
entries in the Controller's Department logbook do not bear on
plaintiff's claims of discrimination.

REQUEST NO. 43: Any and all DOCUMENTS concerning issu-
ance and disposal of personal computers to Controller's
Office personnel from 1995 to 2003.

To the extent plaintiff seeks documents relating to
computers assigned to her, plaintiff's motion to compel produc-
tion of documents responsive to this request is granted.  Plain-
tiff has alleged that her "[c]omputer CPU was exchanged with [a]
defective one," her "computer activities were monitored," and
that her computer files were copied by her supervisor (June 2008
Complaint ¶¶ 37, 57, 59).  Accordingly, defendants are directed
to produce documents responsive to this request, limited to
computers assigned to plaintiff, no later than twenty-one (21)
days from the date of this Order.  Plaintiff's motion to compel
is otherwise denied.

REQUEST NO. 44: Any and all DOCUMENTS distributed by
Laboratory Safety Personnel during orientation day to
new hires in April 1995.

34

Plaintiff's motion to compel production of documents responsive to this request is denied because the request seeks irrelevant information.

REQUEST NO. 45: Any and all DOCUMENTS on names of attendees, home phone number and address of attendees in April 1995 during job orientation held by Lab Safety Personnel.

Plaintiff's motion to compel production of documents responsive to this request is denied because the request seeks irrelevant information.

REQUEST NO. 50: Any and all "July Suspense Report" cleared in JULY since 1995 up to and including present time.

Defendants object to this request on the grounds that it calls for irrelevant documents and that the documents would be burdensome to produce given the large time period for which plaintiff seeks documents (Defendants' Memo. of Law at 16). Plaintiff argues that the reports sought are "necessary proof that [d]efendant Cassidy['s] sudden demand on July 29, 2002 [for plaintiff to complete this report] was intended as retribution [for a complaint plaintiff sent] to the Controller" (Plaintiff's Apr. 30 Memo. of Law at 34-35).

Plaintiff has alleged that, despite the fact that the July Suspense Accounts usually get "cleared" in August, plain-

35

tiff's supervisors unreasonably demanded plaintiff complete this task in an insufficient period of time in order to "set up [p]laintiff to fail on an assigned job," and, as a result, plaintiff was reprimanded and ordered to attend counseling sessions (June 2008 Complaint ¶ 57).

Based on these allegations, I find that the requested documents are irrelevant.  Comparing multiple July Suspense Reports will not illuminate the motives of the person assigning the work to plaintiff, nor will it illuminate why plaintiff failed to complete the task successfully.  Accordingly, plaintiff's motion to compel documents responsive to this request is denied.

     D.    Requests
            For Admission

Plaintiff has also moved to compel defendants to respond more adequately to her requests for admissions (see Plaintiff's Response to Order at 11-13; Plaintiff's Nov. 19 Memo. of Law ¶ 49).  Plaintiff argues that:

> [E]ach of the individual defendants did not submit a
> sworn statement admitting or denying the fact and/or
> set forth the reasons why the affiant cannot answer, if
> that be so.  Instead, each response was signed by Atty.
> Elise Bloom, whose signature not only lacked statement
> certifying to the best of knowledge, information and
> belief formed after reasonable inquiry, that they have
> are complete and correct[,] FED.R.CIV.P. 26(g)(1)(A)

36

> but also that defendants' counsel do not have any
> first-hand knowledge and cannot be cross examine during
> trial.  Each defendant and not defendant' counsel
> should provide a revised answer to the Request for
> Admission personally and under oath

(Plaintiff's Response to Order at 12).  Plaintiff's argument

lacks merit.  The Federal Rules of Civil Procedure do not require

that responses to requests for admissions be signed by a party.

Additionally, the certification plaintiff seeks is inherent in

the attorney's signature and need not be expressly written in the

discovery document.  <u>See</u> Fed.R.Civ.P. 26(g)(1).[10]

IV.  <u>Conclusion</u>

Accordingly, for all the foregoing reasons, it is

hereby Ordered that:

---

[10] Plaintiff also states, concerning her requests for
admission,

> When the answer cannot be a succinct yes or no, and a
> qualification of the response is indeed necessary.
> Under these circumstances, the answering party is
> obligated to specify so much of its answer as true and
> qualify or deny the remainder of the request."
> However, Rockefeller University acts through its
> employees and agents as well as its Officers,
> qualifying response is inappropriate.  Rockefeller
> University defendants should submit revised responses
> with respect to all request for admission.  <u>Henry v.</u>
> <u>Champlain Enterprises, Inc.</u>, 212 F.R.D. at 77

(<u>see</u> Plaintiff's Nov. 19, 2010 Memo. of Law ¶ 49).  Because
plaintiff does not articulate a cognizable discovery dispute
here, I decline to address plaintiff's request.

(1) with respect to the forty-eight requests with which defendants represent they have fully complied, to the extent they have not already done so, defendants are directed to produce responsive documents for the time period from November 1, 1998 through July 18, 2003, unless the request specifies a narrower time period;

(2) defendants are directed to provide either (a) a revised privilege log containing the "identities, titles, and roles of the authors, recipients, and those CC'ed on the communications" referenced on defendants' privilege log or (b) a separate list containing this information;

(3) defendants are directed to identify the custodians they believe may potentially have e-mails responsive to Requests 13, 46, 47, 48, and 49, and disclose whether any e-mails from these custodians, from the period from November 1, 1998 to July 18, 2003, currently reside on backup tapes or other inaccessible media;

(4) plaintiff's motion to compel is granted to the extent that it seeks an Order directing defendants' to produce

38

(a) documents responsive to Request 7 re-
flecting time taken off for medical appointments
by employees of the controller's office between
November 1, 1998 through July 18, 2003 for which
no charge was made to the employees' leave ac-
counts;

(b) documents responsive to Request 12 con-
cerning John Vega only;

(c) documents responsive to Request 27(B);

(d) the report or reports sought in Request
35, for the time period of April 1, 2003 through
June 30, 2003, and

(e) documents responsive to Request 43, lim-
ited to computers assigned to plaintiff.

Defendants shall complete all Ordered productions
within twenty-one (21) days from the date of this Order.  In all
other respects, plaintiff's motion to compel is denied and the

Clerk of the Court is directed to close Docket Items 129 and 133

in 04 Civ. 4008 and Docket Item 95 in 06 Civ. 1825.

Dated:  New York, New York
        March 9, 2012

                              SO ORDERED

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge


Copies mailed to:

Ms. Rosita C. Go
61 Bayhill Drive, #3D
Bridgeville, Pennsylvania, 15017

Elise M. Bloom, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, New York 10036

Lisa M. Trocchio, Esq.
Lori D. Bauer, Esq.
Jackson Lewis, LLP
59 Maiden Lane
New York, New York, 10038

Michael J. Gudzy, Esq.
Jenny M. Park, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, New York 10017

Lori R. Semlies, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
3 Gannett Drive
White Plains, New York 10604

Adam G. Guttell, Esq.
Michael A. Sonkin, Esq.
Martin Clearwater & Bell, LLP
220 East 42nd Street
New York, New York, 10017