```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ROSITA C. GO,                      :

               Plaintiff,          :

    -against-                      :    04 Civ. 4008 (JSR)(HBP)

ROCKEFELLER UNIVERSITY,            :
et al.,
                                   :
               Defendants.
                                   :
-----------------------------------X

ROSITA C. GO,                      :

               Plaintiff,          :

    -against-                      :    06 Civ. 1825 (JSR)(HBP)

ROBERTA MALONEY,                   :    OPINION
et al.,                                 AND ORDER
                                   :
               Defendants.
                                   :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

On or about April 30, 2012, the pro se plaintiff submitted a document entitled "Request for Extension of Response to Opnion and Order filed March 9, 2012."  In its entirety, this document reads:

> Your Honor,
>
> This is a request for an extension of time to submit plaintiff's response to your Opinion and Order filed on March 9, 2012.  I am fully aware that this

>    response is past deadline, however the overwhelming
>    work involve[d] has not lessen[ed] a bit and I continue
>    to battle with my medical condition.
>
>    I pray that your Honor will understand this is a
>    reasonable albeit late request.
>
>    Thank you.

I am not entirely sure what relief plaintiff is seeking by this request.

To the extent the application can be considered an application for an extension of time to seek reconsideration, I deny the application. A motion for reconsideration lies only when "there has been an intervening change of controlling law," "new evidence has become available," or "there is a need to correct a clear error or prevent manifest injustice." Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); accord Tatum v. City of N.Y., 06 Civ. 4290 (BSJ)(GWG), 2009 WL 976840 at *1 (S.D.N.Y. Apr. 9, 2009) (Jones, D.J.); In re Refco Capital Mkts., Ltd. Brokerage Customer Sec. Litig., 06 Civ. 643 (GEL), 07 Civ. 8686 (GEL), 07 Civ. 8688 (GEL), 2008 WL 4962985 at *1 (S.D.N.Y. Nov. 20, 2008) (Lynch, then D.J., now Cir. J.). A motion for reconsideration is also appropriate when

>    the Court has "overlooked controlling decisions or
>    factual matters that were put before the Court on the
>    underlying motion," Davis v. The Gap, Inc., 186 F.R.D.
>    322, 323 (S.D.N.Y. 1999), and which, had they been
>    considered, "might reasonably have altered the result

before the court."  Consol. Gold Fields v. Anglo Am. Corp., 713 F. Supp. 1457, 1476 (S.D.N.Y. 1989).  Yurman Design Inc. v. Chaindom Enters., Inc., 99 Civ. 9307 (JFK), 2003 WL 22047849 at *1 (S.D.N.Y. Aug. 29, 2003) (Keenan, D.J.); accord In re Refco Capital Mkts., Ltd. Brokerage Customer Sec. Litig., supra, 2008 WL 4962985 at *1.  In addition to these substantive requirements, a motion for reconsideration must be made within fourteen (14) days of the decision in issue.  Local Civil Rule 6.3.

       The principal problem with plaintiff's application is that she doesn't identify any argument concerning my March 9, 2012 Order that would be cognizable on a motion for reconsideration.  That Order resolved a number of discovery disputes, most, if not all of which, are matters of discretion.  Thus, it is extremely unlikely that there are controlling facts or precedents which I overlooked and which would mandate a different result.  Although I appreciate that plaintiff is proceeding pro se and that she suffers from a number of very significant health issues, I cannot, in fairness, give her an open-ended extension of time to seek reconsideration when she does not identify any error in my March 9, 2012 Order that could properly be raised by a motion for reconsideration.

The only aspect of my March 9 Order which required action on the part of plaintiff was the provision at page 25 which directed her to show cause by April 20, 2012 why she believed the Rockefeller defendants should be directed to restore certain backup tapes.  In light of her health issues which are well known to defendants and myself, I am willing to give plaintiff an additional fourteen (14) days from the date of this Order to attempt to make such a showing.

Dated:  New York, New York
        May 9, 2012

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Ms. Rosita C. Go
61 Bayhill Drive, #3D
Bridgeville, Pennsylvania  15017

Elise M. Bloom, Esq.
Proskauer Rose, LLP
11 Times Square
New York, New York  10036-8299

Lisa M. Trocchio, Esq.
Lori D. Bauer, Esq.
Jackson Lewis, LLP
59 Maiden Lane
New York, New York  10038

Michael J. Gudzy, Esq.
Jenny M. Park, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, New York  10017

Lori R. Semlies, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
3 Gannett Drive
White Plains, New York  10604

Adam G. Guttell, Esq.
Michael A. Sonkin, Esq.
Martin Clearwater & Bell, LLP
220 East 42nd Street
New York, New York  10017