```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ROSITA C. GO,                           :

                 Plaintiff,             :

      -against-                         :    04 Civ. 4008 (JSR)(HBP)

ROCKEFELLER UNIVERSITY,                 :
et al.,
                                        :
                 Defendants.
                                        :
-----------------------------------X

ROSITA C. GO,                           :

                 Plaintiff,             :

      -against-                         :    06 Civ. 1825 (JSR)(HBP)

ROBERTA MALONEY,                        :    OPINION
et al.,                                      AND ORDER
                                        :
                 Defendants.
                                        :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I.  Introduction

Plaintiff Rosita Go, proceeding pro se, commenced these actions against her former employer, Rockefeller University, and several of her former co-workers, alleging discrimination on the bases of race, gender, national origin, disability and age. Plaintiffs' claims are discussed in detail in my March 2, 2009

Report and Recommendation (Docket Item 62 in 04 Civ. 4008; Docket Item 45 in 06 Civ. 1825), familiarity with which is assumed.

I write to resolve two pending motions: (1) plaintiff's "Motion to Amend Caption" (Docket Item 160 in 04 Civ. 4008; Docket Item 117 in 06 Civ. 1825) and (2) plaintiff's motion for substitution of party pursuant to Fed.R.Civ.P. 25 (Docket Item 162 in 04 Civ. 4008; Docket Item 118 in 06 Civ. 1825).

II. Discussion

A. Motion to "Amend Caption"

In a submission dated November 23, 2012, plaintiff seeks to "Amend Caption of plaintiff's complaints including the Second Consolidated Amended Complaint dated June 20, 2008" (Docket Item 160 in 04 Civ. 4008; Docket Item 117 in 06 Civ. 1825). Plaintiff requests that the captions in these actions be amended to read as follows:

> ROSITA C. GO
>
> Plaintiff,
>
> -against-
>
> ROCKEFELLER UNIVERSITY; Roberta MALONEY, Individually, and in her capacity as Assistant Vice President for Finance, Associate Controller and Assistant Treasurer; Kathleen CASSIDY, Individually and in her capacity as Assistant Controller; Michelle KEENAN, Individually and in her capacity as Employment Director, Human

2

>    Resources; Gloria Chang DIGENNARO, Individually and in
>    her capacity as Associate Director, Human Resources;
>
>    EMPLOYEE ASSISTANCE PROGRAM CONSORTIUM (hereinafter
>    "EAPC"); Sarah G. AUSTRIAN, as executor of the Estate
>    of Sonia Austrian, Individually and in her capacity as
>    Director of EAPC; Danielle GREEN;
>
>    Doe Defendant[1]
>
>                   Defendants
>
>    [1] Intended as defendant Danielle Green's spouse, Mark
>    W. Green, M.D., Ph. D., a psychiatrist.

(Docket Item 160 in 04 Civ. 4008; Docket Item 117 in 06 Civ. 1825). This proposed caption includes three defendants -- EAPC, Austrian and Green (collectively, the "Former Defendants") -- that have previously been dismissed from these actions (Docket Item 127 in 04 Civ. 4008; Docket Item 93 in 06 Civ. 1825). The Former Defendants oppose plaintiff's motion, arguing that it is nothing more than an improper attempt by plaintiff to reinstate her long-ago dismissed claims against them (Docket Items 164 and 165 in 04 Civ. 4008; Docket Item 119 in 06 Civ. 1825).[1]

On August 27, 2010, I issued a Report and Recommendation recommending that the Former Defendants' then-pending motions to dismiss be granted (Docket Item 123 in 04 Civ. 4008;

---

[1] Former defendant Danielle Green filed her opposition only in 04 Civ. 4008, whereas former defendants Austrian and EAPC filed their opposition in both 04 Civ. 4008 and 06 Civ. 1825.

3

Docket Item 89 in 06 Civ. 1825).  By an Order dated September 28, 2010, the Honorable Jed S. Rakoff, United States District Judge, adopted my Report and Recommendation and dismissed the Former Defendants from these actions (Docket Item 127 in 04 Civ. 4008; Docket Item 93 in 06 Civ. 1825).

Following Judge Rakoff's September 28 Order, plaintiff filed a series of submissions that, as relevant here, sought reconsideration of the September 28 Order to the extent that it dismissed plaintiff's claims against the Former Defendants (Docket Items 126, 129, 135, 137, 141, 148, 149 and 150 in 04 Civ. 4008; Docket Items 92, 95, 96, 100 and 108 in 06 Civ. 1825). Judge Rakoff denied these motions (Docket Items 140, 142 and 153 in 04 Civ. 4008; Docket Items 99, 101 and 111 in 06 Civ. 1825). In addition, Plaintiff appealed from Judge Rakoff's orders to the Court of Appeals for the Second Circuit.  However, the Court of Appeals dismissed the appeal for lack of a final, appealable order (Docket Item 166 in 04 Civ. 4008; Docket Item 120 in 06 Civ. 1825).

The grounds upon which plaintiff seeks to amend the caption are not apparent.  Nonetheless, given plaintiff's pro se status, I shall construe her motion as seeking leave to amend her complaint to assert claims against the Former Defendants.  This motion must be denied.  The Former Defendants have been dismissed

4

from these actions for close to three years.  As detailed above, plaintiff has, on numerous times and through various means, sought to revive her claims against the Former Defendants.  Her instant motion to amend the caption appears to be another attempt to reinstate her claims against the Former Defendants.  However, plaintiff has articulated no basis -- and there appears to be none -- justifying the amendment of these actions to again include claims against the Former Defendants.  Accordingly, plaintiff's motion to amend the caption is denied.

     Finally, Austrian and EAPC also request sanctions "[t]o deter any future frivolous behavior" (Docket Item 164 ¶ 10 in 04 Civ. 4008; Docket Item 119 ¶ 10 in 06 Civ. 1825).  They have not, however, identified the authority under which they seek this relief.  Absent notice of the legal basis for an award of sanctions and the specific conduct in issue, the imposition of sanctions is not appropriate. Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999) ("At a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of:  (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense."); Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 270 (2d Cir. 1999)

5

(noting that the Court of Appeals for the Second Circuit has "not hesitated to reverse where there is 'no indication' that a sanctioned party was afforded notice of the particular sanctions sought" (internal citation omitted)); In re Ames Dep't Stores, 76 F.3d 66, 70 (2d Cir. 1996) ("[D]ue process requires that courts provide notice and an opportunity to be heard before imposing any kind of sanctions."). Accordingly, Austrian's and EAPC's request for sanctions is denied without prejudice to renewal by way of formal motion.

B. Rule 25(a)(1) Motion

Plaintiff has also filed a "Motion for Substitution of Party pursuant to Federal Rules of Civil Procedure 25(a)(1)" (Docket Item 162 in 04 Civ. 4008; Docket Item 118 in 06 Civ. 1825).

On September 12, 2012, counsel for defendant Gloria Chang DiGennaro filed and served a Suggestion of Death stating that Ms. DiGennaro had died on August 24, 2012 (Docket Item 157 in 04 Civ. 4008; Docket Item 115 in 06 Civ. 1825). This notice, however, did not indicate whether a representative for Ms. DiGennaro's estate has been appointed.

In a motion dated December 8 and received by the Court's Pro Se Office on December 12, 2012, plaintiff moved

6

pursuant to Fed.R.Civ.P. 25(1)(1) "to extend time to substitute deceased party, Gloria Chang-DiGennaro to Trustee (or Administrator) of her estate" because she "has [had] significant difficulty in identifying Gloria Chang-Digennaro Estate's Trustee or Administrator" (Docket Items 162 & 163 in 04 Civ. 4008; Docket Item 118 in 06 Civ. 1825).  Counsel for Ms. DiGennaro has not filed a response to plaintiff's motion.

Rule 25 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed.R.Civ.P. 25(a)(1).  Rule 25 establishes a ninety-day period for any party to make a motion to substitute a party for the decedent.  See Kaplan v. Lehrer, 173 F. App'x 934, 935 (2d Cir. 2006); Lungu v. New Island Hosp./St. Joseph Hosp., No. CV-11-0755 (SJF)(GRB), 2012 WL 3115930 at *1 (E.D.N.Y. July 24, 2012); Harp v. City of N.Y., 01 Civ. 6604 (JGK), 2008 WL 2971702 at *2 (S.D.N.Y. July 31, 2008) (Koetlt, D.J.).  Under certain circumstances, this ninety-day period can be extended.  The Court of Appeals for the Second Circuit has held that where there is "an inability or a significant difficulty in identifying [the dece-

7

dent's] legal representative or successor, a motion [can] be brought under Rule 6(b) to enlarge the time in which to file the motion for substitution." Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 470 (2d Cir. 1998).

Rule 6(b) "addresses generally the failure to conform to time limits specified in the Federal Rules of Civil Procedure." Raymond v. Int'l Bus. Machs. Corp., 148 F.3d 63, 65 (2d Cir. 1998). It provides that:

> When an act may or must be done within a specified time period, the court may, for good cause, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> >
> > (B) on motion after the time has expired if the party failed to act because of excusable neglect.

Thus, if the time for making a motion under the applicable rule has not yet run, then subsection (A) controls, and a court may grant an extension upon good cause. In contrast, if the time has expired, then subsection (B) controls, and the party seeking an extension must show that it failed to act timely because of excusable neglect. In addition, Rule 6(d) provides that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."

Given plaintiff's pro se status, I shall construe her Rule 25 motion as seeking an extension of time under Rule 6(b). See Unicorn Tales, Inc. v. Banerjee, 138 F.3d at 470 (motion for extension of time to make Rule 25 motion should be made pursuant to Rule 6(b)). I conclude that plaintiff is entitled to an extension of time to move for the substitution of a proper party for Ms. DiGennaro.

As an initial matter, plaintiff's request for an extension of time was made within the ninety-day period set forth in Rule 25. Ms. DiGennaro's counsel served plaintiff with the statement of death on September 12, 2012 by overnight mail (Docket Item 158 in 04 Civ. 4008; Docket Item 116 in 06 Civ. 1825). Accordingly, plaintiff had until December 14, 2012 (90 days plus Rule 6(d)'s three-day extension) to move to substitute a party under Rule 25. Plaintiff's Rule 25 motion was received by the Court's Pro Se Office on December 12, 2012. This date serves as the date of filing. See Toliver v. Sullivan Cnty., 841 F.2d 41, 42 (2d Cir. 1988) (pro se litigant's complaint deemed filed as of date received by Pro Se Office); Galimore v. City Univ. of N.Y. Bronx Cmty. College, 641 F. Supp. 2d 269, 280-81 (S.D.N.Y. 2009) (Sullivan, D.J.) ("With respect to a pro se litigant, a complaint is considered timely if the court's Pro Se Office receives the complaint before the expiration of the

9

applicable limitations period."); Chira v. Columbia Univ., 289 F. Supp. 2d 477, 484 (S.D.N.Y. 2003) (Baer, D.J.) ("As an initial matter, the date Chira filed his complaint with the Pro Se Office, not the date that the matter was received by the Clerk of the Court, is the relevant date for purposes of determining whether his claims are time-barred). Thus, because plaintiff's motion was filed on December 12, 2012, it is timely.

Because plaintiff's Rule 25 motion is timely, Rule 6(b)(1)(A) controls. Under this subsection, a court may extend a party's time to move for good cause. Fed.R.Civ.P. 6(b)(1)(A); see Weingarten v. Optima Commc'ns Sys., Inc., 544 F. Supp. 2d 193, 195 n.1 (S.D.N.Y. 2008) (Scheindlin, D.J.). I conclude that plaintiff has demonstrated good cause justifying an extension of time. Plaintiff asserts that she has had "significant difficulty in identifying Gloria Chang-Digennaro Estate's Trustee or Administrator" (Docket Item 163 in 04 Civ. 4008; Docket Item 118 in 06 Civ. 1825). The notice of suggestion of death did not identify whether an executor or administrator of Ms. DiGennaro's estate had been named.[2] Counsel for Ms. DiGennaro has not submitted any

---

[2] I note, however, that Rule 25 does not require that a statement of death "identify the successor or legal representative; it merely requires that the statement of death be served on the involved parties." Unicorn Tales, Inc. v. Banerjee, supra, 138 F.3d at 470.

10

response to plaintiff's instant motion for an extension of time. In view of plaintiff's pro se status and the lack of any opposition or other response by Ms. DiGennaro's counsel, plaintiff is entitled to an extension of time.

Within 20 days of this Opinion and Order, counsel for Ms. DiGennaro is directed to identify to plaintiff the representative, if any, of Ms. DiGennaro's estate. Plaintiff shall have an additional 20 days from receipt of this information to move pursuant to Fed.R.Civ.P. 25 for the substitution of a proper party for Ms. DiGennaro.

III. Conclusion

For the reasons set forth above, plaintiff's motion to "Amend Caption" is denied, and plaintiff's motion for an extension of time to move for the substitution of a party under Fed.R.Civ.P. 25 is granted. The Clerk of the Court is directed

to close Docket Items 160 and 162 in 04 Civ. 4008 and Docket Items 117 and 118 in 06 Civ. 1825.

Dated: New York, New York
       July 19, 2013

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Ms. Rosita C. Go
61 Bayhill Drive, #3D
Bridgeville, Pennsylvania, 15017

Copies transmitted to:

Elise M. Bloom, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, New York  10036

Carolyn M. Dellatore, Esq.
Proskauer Rose LLP (Newark)
One Newark Center
18th Floor
Newark, New Jersey  07102

Lisa M. Trocchio, Esq.
Lori D. Bauer, Esq.
Jackson Lewis, LLP
59 Maiden Lane
New York, New York  10038

Michael J. Gudzy, Esq.
Jenny M. Park, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, New York  10017

Lori R. Semlies, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
3 Gannett Drive
White Plains, New York  10604

Adam G. Guttell, Esq.
Michael A. Sonkin, Esq.
Martin Clearwater & Bell, LLP
220 East 42nd Street
New York, New York  10017